IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GISELA VÁZQUEZ,

       Plaintiff

         v.

JET BLUE AIRWAYS CORPORATION, et
al.,

       Defendants

CIVIL NO. 09-1197 (JP)

## OPINION AND ORDER

Before the Court is Defendant Jet Blue Airways Corporation's ("Jet Blue") motion to dismiss (**No. 9**) and Plaintiff Gisela Vázquez's ("Vázquez") opposition thereto (No. 25). Plaintiff Vázquez brought this law suit against Defendants for employment discrimination, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981a ("The Civil Rights Act"); and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.* Plaintiff also brings claims arising under Puerto Rico Law 100 ("Law 100") of June 30, 1959, as amended, P.R. Laws Ann. tit. 29, § 146 *et seq.*; Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141 and 5142; and the Constitution of the Commonwealth of Puerto Rico. Defendant Jet Blue moves to dismiss or transfer the case for improper venue pursuant to Federal Rule of Civil

CIVIL NO. 09-1197 (JP)            -2-

Procedure 12(b)(3).  For the reasons stated herein, Defendant's motion is hereby **GRANTED IN PART AND DENIED IN PART**.

I.    <u>**FACTUAL ALLEGATIONS**</u>

Plaintiff Vázquez alleges that, on October 20, 2004, Vázquez was hired to work in the Supply Chain Department at the Luis Muñoz Marín Airport in San Juan, Puerto Rico.  While working at Luis Muñoz Marín Airport, Vázquez obtained positive evaluations for her work, meeting and/or exceeding all objectives.

Vázquez further alleges that she received a letter, on September 28, 2006, informing her that the warehouse in San Juan, Puerto Rico where she worked was going to be closed, but that there was a position available in New York.  Vázquez accepted the transfer and began working in the Supply Chain Department at Jet Blue Headquarters in New York on January 20, 2007.

Plaintiff alleges that, in October of 2007, she was relocated to the Jet Blue hangar located at John F. Kennedy Airport in New York.  After her relocation and on or around November 2007, Vázquez alleges that she experienced various incidents of age and national origin discrimination at her workplace.  As part of her relocation, Plaintiff had to engage in computer work.  Allegedly, she was never given the opportunity to adequately learn the required computer skills and never received training for her computer work.  Plaintiff alleges that the lack of training was due to discrimination on the basis of her age and national origin.  Vázquez claims to have reached

CIVIL NO. 09-1197 (JP)          -3-

out for help to co-workers Justin Schultz ("Schultz") and Andre Fricchione ("Fricchione").   Also, she requested help from her supervisor, Timothy Russo ("Russo").   Russo allegedly never paid attention to Plaintiff's request for training in her chores.

Plaintiff alleges that Schultz and Fricchione continuously mocked Vázquez because of her difficulties performing her new computer duties.   The co-workers' mockery included laughs and gestures.   Also, Schultz and Fricchione allegedly commented on a continuous basis on Plaintiff's lack of knowledge of technological devices such as I-PODS and video games.   Furthermore, on more than one occasion, Schultz and Fricchione commented that Vázquez did not know how to deal with a computer because she was from a third world country.   On another occasion, Vázquez allegedly was talking about an American sitcom when Schultz and Fricchione acted impressed and mockingly asked: "You saw that in Puerto Rico?" Plaintiff alleges that such comments were made in front of Russo, and that Russo never prevented or stopped the mockery of Plaintiff.

Vázquez went to Russo for help and expected management to take the necessary steps to prevent the re-occurrence of such conduct. Plaintiff alleges that Russo and management, Terry Inglis ("Inglis") and Kenneth Highlander ("Highlander"), took no action.   In fact, they allegedly concealed and even denied knowledge of the incidents. Neither Schultz, Fricchione nor Russo were disciplined for their

CIVIL NO. 09-1197 (JP)          -4-

conduct, and no corrective action was taken by Jet Blue to prevent any further discrimination or harassment.

The instances of discrimination and harassment in the workplace continued until January 9, 2008.  On that date, Vázquez allegedly went to her "yearly performance evaluation meeting" with Russo. Highlander was also at the meeting.  Plaintiff alleges that, in the meeting, Highlander informed Vázquez that her position in the Supply Chain Department had been eliminated.  He also informed Vázquez that she had to look for a position in a department that was not Supply Chain.

Allegedly, Highlander also told Plaintiff that he was going to give her a paid week off and that she could retain her laptop so she could look for another job.  Vázquez was referred to Human Resources ("H.R.") by Highlander in order to receive help finding another position within Jet Blue.  Highlander informed Vázquez that he would have a letter for her to resign and that, if she did resign, she would receive four months pay plus unemployment benefits.  Plaintiff alleges that Highlander stated that he was providing her with this option in order to give her some "dignity."

Later on, Vázquez found out that her position was posted online as an open position.  Plaintiff alleges that her position was filled by Shervonnie Mayers who is 25 years old.  Another position in the same department was later filled by Shisell Zapata who is 28 years old.  When the complaint was filed, Vázquez was 52 years old.

CIVIL NO. 09-1197 (JP)          -5-

After such events, Vázquez allegedly returned to Puerto Rico and waited until May 29, 2008, when she received a separation agreement and general release for her to resign.  Vázquez never signed the agreement.

On June 6, 2008, Plaintiff filed a charge of discrimination before the Anti-Discrimination unit of the Puerto Rico Department of Labor and Human Resources, and the E.E.O.C.  On December 2, 2008, Vázquez received a notice of dismissal and right to sue letter from the E.E.O.C.  Plaintiff then timely filed that instant action.

## II.   **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969.  Still, a court must "treat all allegations in the Complaint

CIVIL NO. 09-1197 (JP)          -6-

as true and draw all reasonable inferences therefrom in favor of the plaintiff."   Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

## III.  **ANALYSIS**

Defendants move for the Court to dismiss Plaintiff's case or alternatively to transfer the case to the proper judicial district in New York.  Defendants request dismissal or transfer of the instant case on the grounds that the Federal District Court For The District of Puerto Rico is an improper venue for the Title VII claim.  The Court will now consider Defendants' argument.

### A.   **Venue For Title VII Claim**

Venue in Title VII cases is governed by the statutory provision found in Title VII which states that:

> [A]n action may be brought in [1] any judicial district in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered or in [3] the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  For a District Court to serve as the proper venue, one of the venue options must be satisfied.  See Dixon v. R.L. Brownlee, 313 F. Supp. 2d 52, 53 (D.P.R. 2004).

With regard to the first venue option, in this case, the alleged wrongdoing occurred in the Eastern District of New York.  Plaintiff's

CIVIL NO. 09-1197 (JP)          -7-

accusations of employment discrimination against co-defendants Russo, Highlander, Inglis, Schultz, and Fricchione, all of whom were Plaintiff's co-workers or supervisors at the Supply Chain Department of Jet Blue in New York, arose from incidents in New York.

Plaintiff argues that part of the unlawful employment practice occurred in Puerto Rico.  Specifically, she first argues that the discriminatory acts occurred in Puerto Rico because two of the supervisors who discriminated against her caused her to move from San Juan to New York.  This, according to Plaintiff, could be seen as the beginning of a discriminatory campaign against Vázquez.  Secondly, Plaintiff argues that she was terminated while waiting in San Juan which could be seen as the end phase to the discrimination campaign against Plaintiff.

Plaintiff's arguments lack merit.  Plaintiff herself stated in the complaint that she chose to go from Puerto Rico to New York when she was notified that the warehouse in Puerto Rico, where she worked, was going to be closed.  Her two New York supervisors neither closed the warehouse nor forced her to transfer.  Plaintiff has not made any allegations that support the conclusion that she was the victim of any discriminatory conduct while she was working in Puerto Rico or when she was offered the position in New York.

Also, Plaintiff's argument that she suffered discrimination in Puerto Rico when she received her dismissal is equally unconvincing. As Plaintiff herself states in her complaint, the "instances of

CIVIL NO. 09-1197 (JP)          -8-

discrimination, and harassment in the workplace were continuing and recurred *until* January 9, 2008 when Ms. Vázquez went to her 'yearly performance evaluation meeting' with Russo." (emphasis added).  On that date, the alleged workplace discrimination ended because she was informed that her position was being eliminated.  While in Puerto Rico, Plaintiff suffered no incidents of discrimination from the Defendants.  Thus, the Plaintiff's case does not meet the first option for venue in the District of Puerto Rico.

In regards to the other options for venue, Plaintiff has not alleged or argued any facts to support the conclusion that the District of Puerto Rico is the proper venue.  Plaintiff has not alleged that the relevant employment records were administered or maintained in Puerto Rico.  Furthermore, Vázquez has not alleged that she would have worked in Puerto Rico but for the alleged unlawful practices that occurred in New York.

In light of the foregoing, the proper venue for the Title VII claim is not the District of Puerto Rico, but instead it is the Eastern District of New York.

**B.   Venue For ADEA Claim**

Under the ADEA, a District Court is the proper venue to hear the claim when the case complies with the general venue statute, 28 U.S.C. § 1391 ("Section 1391").  Rebar v. Marsh, 959 F.2d 216 (11th Cir. 1992).  Section 1391 states that:

CIVIL NO. 09-1197 (JP)          -9-

> A civil action wherein jurisdiction is not founded solely
> on diversity of citizenship may, except as otherwise
> provided by law, be brought only in (1) a judicial
> district where any defendant resides, if all defendants
> reside in the same State, (2) a judicial district in which
> a substantial part of the events or omissions giving rise
> to the claim occurred, or a substantial part of property
> that is the subject of the action is situated, or (3) a
> judicial district in which any defendant may be found, if
> there is no district in which the action may otherwise be
> brought.

28 U.S.C. § 1391(b). For venue purposes, a corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Id. § 1391(c). When a corporation is "doing business" in a judicial district, that district is considered to be the residence of the corporation for venue purposes. Johnson Creative Arts, Inc., v. Wool Masters, Inc., 743 F.2d 947 (1st Cir. 1984) ("[i]f a corporation is 'doing business' in a district, that district is its residence for venue purposes[]").

In the instant case, Plaintiff argues that, at all relevant times to the case, Jet Blue was "doing business" in the District of Puerto Rico. Defendant did not oppose venue for the ADEA claim. The Court finds that Defendant Jet Blue was "doing business" in Puerto Rico at the times relevant to this case because Jet Blue maintained flight operations in Puerto Rico and had employees working for its operation in the San Juan and Aguadilla airports. Thus, the District of Puerto Rico is an appropriate venue for Plaintiff's ADEA claim.

CIVIL NO. 09-1197 (JP)          -10-

### C.   **Transfer To Appropriate Venue**

When a claim is filed in an *improper* venue, a District Court may dismiss the claim or, if the Court deems a transfer to be in the interest of justice, it may transfer the case to any district in which the claim could have been brought.  See 28 U.S.C. § 1406(a). Furthermore, even when a claim is filed in the proper venue, a District Court may transfer a civil action to any other district where the case might have been brought if it is in the interest of justice.  See 28 U.S.C. § 1404(a) ("Section 1404(a)").

In the instant action, Defendant requests that the Court dismiss the case because the District of Puerto Rico is an improper venue for the Title VII claim.  This Court finds that dismissal would be an unnecessary and harsh result under the circumstances.  Plaintiff deserves her day in court.  It is in the interest of justice to transfer the Title VII claim to the district that is the proper venue, the Eastern District of New York.  28 U.S.C. § 1406(a).

However, transferring the Title VII claim leads to piecemeal litigation.  The Title VII claim would be heard in the Eastern District of New York, while the ADEA claim would be heard by this Court.  This result would go against the core belief of this Court in judicial efficiency.

Pursuant to Section 1404(a), the Court may transfer a case even when the District Court is the proper venue.  Here, the District of Puerto Rico is a proper venue for the ADEA claim.  However, the

CIVIL NO. 09-1197 (JP)          -11-

Eastern District of New York is also a proper venue for the ADEA claim,[1] and therefore the case could have been brought there.  The Court finds that it is in the interest of justice to promote the efficient judicial management of cases.  In furtherance of such goals, the Court concludes that the ADEA claim should be tried with the Title VII claim.  Accordingly, the Court transfers the ADEA claim to the Eastern District of New York.  28 U.S.C. § 1404(a).

   **D.   Puerto Rico Law Claims**

   Plaintiff also brings claims arising under Puerto Rico Law 100 of June 30, 1959, as amended, P.R. Laws Ann. tit. 29, § 146 *et seq.*; Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141 and 5142; and the Constitution of the Commonwealth of Puerto Rico.

   Dismissal of pending state law claims is proper because an independent jurisdictional basis is lacking. Exercising jurisdiction over pendent state law claims once the federal law claims are no longer present in the lawsuit is discretional. See Newman v. Burgin, 930 F.2d 955, 963 (1ˢᵗ Cir. 1991) (holding that "[t]he power of a federal court to hear and to determine state-law claims in nondiversity cases depends upon the presence of at least one

---

1.   Under 28 U.S.C. § 1391 (b)(2), a District Court is the proper venue to hear a claim when "a substantial part of the events or omissions giving rise to the claim occurred [in the judicial district.]" As explained in Part III.A. of this Opinion and Order, the Eastern District of New York is the place where the alleged discriminatory acts occurred.  Thus, the Eastern District of New York is an appropriate venue for the ADEA claim.

CIVIL NO. 09-1197 (JP)                -12-

'substantial' federal claim in the lawsuit . . . [and] the district court has considerable authority whether or not to exercise this power, in light of such considerations as judicial economy, convenience, fairness to litigants, and comity[]").

In the instant case, the Court chooses not to hear the state law claims brought by Plaintiff.  Therefore, the state law claims are dismissed without prejudice.

**IV.   <u>CONCLUSION</u>**

Thus, the Court holds that the District of Puerto Rico is not the proper venue for the Title VII claim.  The Court **ORDERS** that the entire case be transferred to the Eastern District of New York.  In accordance with this Opinion and Order, the Court will enter a separate judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September, 2009.


                              s/Jaime Pieras, Jr.
                              JAIME PIERAS, JR.
                          U.S. SENIOR DISTRICT JUDGE